UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUXURY ASSET CAPITAL, LLC,                          :
                                                    :
                         Plaintiff,                 :              25-CV-7061 (AT) (RWL)
                                                    :
            - against -                             :
                                                    :              **ORDER**
MADDOX GALLERY LTD.,                                :
                                                    :
                         Defendant.                 :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff's request, opposed by Defendant, to issue, pursuant to the Hague Convention, Letters of Request to two auction houses based in England.  (*See* Dkts. 36, 37, 38.)  Resolution of the instant request and dispute falls within the referral to me for general pretrial purposes.  Having considered the parties' submissions and the prior proceedings in this action, the Court rules as follows.

1.      Although Defendant has filed a motion to dismiss that remains pending, the current deadline for fact discovery is June 23, 2026.  As there can be no assurance that the decision on the motion to dismiss will issue with enough time left to complete the Letter Request process (including production of documents and taking of testimony), Plaintiff should be allowed to pursue the Letters of Request.

2.      The Court finds that the request for documents seeks relevant information and is proportional to the needs of the case, particularly as those requests are narrowly tailored and limited to the consignment agreement, auction programme entry, and limited bidding record information for each of the works at issue.

3.      The Court finds, however, that the deposition testimony topics need to be pared and limited to questions about (i) background information about the deponent; (ii)

1

the deponent's preparation for the deposition; (iii) the extent to which the consignment or bidding in the auction of the painters' works raised any concern of irregularity, or resulted in investigation of the same, and, if so, questions about the irregularity or investigation; (iv) whether the auction houses reported any irregularities in consignment or bidding on the painters' works to law enforcement or were apprised of reports of any such irregularities; (v) any ban placed by the auction houses on consignment of or bidding for works of the artists and reasons for imposing the ban; and (vi) authentication of documents produced by the auction houses.  Because the expert discovery period has not yet begun and, to the Court's knowledge, neither party has designated the deponent for either auction house as an expert or produced the expert materials required by the Federal Rules of Civil Procedure, request the deponent's expert opinion.  Nor may the questioning attorneyask the witness to speculate (e.g., "why and how the hammer prices might have varied from [the auction house]'s estimates").

4.    The proposed Letters are not acceptable with respect to their current content.  Among other things, (i) the nature of the proceedings and summary of facts (No. 5) must be presented neutrally, evenly, and succinctly; (ii) the Letters must not present any allegation about Defendant's conduct as established fact; (iii) the Letters must not suggest that the Court is "well-acquainted" (or the like) with the evidence given the case is only at the motion-to-dismiss stage; (iv) the nature of the evidence sought (No. 6a) does not currently provide that information (e.g., documents and testimony concerning the consignment and bidding for auctions of the works by the two painters at issue); (v) portions of the Letters are unduly repetitive with respect to use at trial (No. 6b-c); (vi) the testimony sought may not seek the deponent's professional expert opinion (No. 7a); (vii)

"Documents sought" (No. 7b) should specifically list the three types of documents sought, which are the same for each work (and can then reference Addendum A).

5.    The parties shall meet and confer to arrive at an agreement on the wording of the Letter Requests  (including the protocol for remote deposition testimony at Addenda C) and resubmit the proposed Letter Requests by **April 15, 2026**.   Plaintiff shall also email to chambers Word versions of the revised proposed Letter Requests capable of being edited.

6.    Additionally, by **April 15, 2026**, Plaintiff shall file with the Court a short letter providing the Court with a basis to conclude that it is reasonable for the Court to ask the English Court that the testimony be given and documents produced no later than eight weeks following the date of application to the English Court.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 36.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 1, 2026
         New York, New York

Copies transmitted this date to all counsel of record.

3