UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUXURY ASSET CAPITAL, LLC,                          :

                                        Plaintiff,  :          25-CV-7061 (AT) (RWL)

                                                    :

                    - against -                     :

                                                    :          **ORDER**

MADDOX GALLERY LTD.,                                :

                                       Defendant.   :
-----------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Having considered the parties' correspondence and proposals regarding Section 5 of the draft letters rogatory to the auction houses, the Court has prepared the attached document, the text of which shall be used as Section 5 in both letter packages.  There are no exhibits for Section 5.  With the edits that have been made to the other sections, and replacement of Section 5 with the attached text, the Court will approve the letters for issuance.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2026
       New York, New York

Copies transmitted this date to all counsel of record.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXURY ASSET CAPITAL, LLC,<br><br>               Plaintiff,<br><br>   -against-<br><br>MADDOX GALLERY LTD. and<br>MADDOX FA LTD.,<br><br>              Defendants. | Case No. 1:25-cv-07061-AT-RWL<br><br>==COURT DRAFT 4/27/2026== |

5.      **Nature of the Proceedings and Summary of the Alleged Facts**

LAC is a provider of loans secured by luxury assets, including artwork.  Maddox is a contemporary art gallery based in London.  The US Action is a civil lawsuit that LAC filed under New York law for breach of contract.

In its Complaint, LAC alleges that, in 2023, as the parties sought to amicably resolve a dispute over title to loan collateral from an unrelated third party, Maddox offered to provide LAC with a cash payment plus a pool of substitute collateral, which Maddox represented to have an estimated value of over $1 million, attributing the majority of that value to three works by contemporary British artist Duncan McCormick and three works by contemporary Belgian artist Albert Willem.  In exchange, LAC asserts that it gave Maddox a valuable George Condo painting (Condo).  LAC alleges that it and Maddox entered into a December 2023 agreement (Agreement) providing for this exchange, wherein Maddox represented and warranted that certain "Secondary Market Value" estimates it provided for each of McCormick's and Willem's works were "good faith estimates."

1

LAC alleges that Maddox breached the Agreement's warranty of good faith by purporting to base its "good faith estimates" on auction results that it knew to be artificially inflated as a result of a bid-rigging scheme involving works by McCormick and Willem.  LAC alleges that as a result of this scheme, throughout the year preceding the Agreement, the works of these two artists consistently sold at auction for prices ten to fifteen times greater than the presale estimates that auction houses had provided for those works.  And LAC alleges that after the bid-rigging stopped, the market for these two artists dried up.  LAC bases its allegations in part on public auction results from January 2023 through July 2025, for works by Duncan McCormick and Albert Willem that were offered at three major London auction houses:  Sotheby's, Christie's, and Phillips.

Maddox denies that it breached the Agreement in any respect.  Maddox denies having any knowledge of, or any involvement in, any bid-rigging or pump and dump scheme and disputes that such a scheme even existed.  Maddox contends that the estimates provided by Maddox to LAC were made in good faith, and were fully and independently reviewed by LAC.  Maddox contends that LAC has accused Maddox of impropriety without any basis for doing so in an effort to pressure Maddox to unwind the parties' Agreement.  Maddox further contends that LAC is misrepresenting the key provision of the Agreement upon which LAC's claim is based.  Maddox has moved to dismiss LAC's Complaint on the ground that it fails to plausibly allege its sole cause of action. That motion is pending.